RECORDING REQUESTED BY

__Mingyue Zhou__

WHEN RECORDED, MAIL TO:

CLERK, U.S. DISTRICT COURT
255 EAST TEMPLE STREET, STE. TS-134
LOS ANGELES, CA 90012



FILED
CLERK, U.S. DISTRICT COURT

7/19/2023

CENTRAL DISTRICT OF CALIFORNIA
BY: ___CD___ DEPUTY

(SPACE ABOVE THIS LINE FOR RECORDER'S USE)

## SHORT FORM DEED OF TRUST AND ASSIGNMENT OF RENTS
INCORPORATING BY REFERENCE CERTAIN PROVISIONS OF A FICTITIOUS DEED OF TRUST OF RECORD

THIS DEED OF TRUST, Made this __16__ day of __June__, __2023__, between __Mingyue Zhou__, herein called TRUSTOR, whose address is __656 W Huntington Dr. AptF-1, Arcadia CA 91007__; __Pacific Coast Title Company__ herein called TRUSTEE; and Clerk, U.S. District Court, Central District of California, herein called BENEFICIARY;

WITNESSETH: That Trustor irrevocably grants, transfers and assigns to trustee in trust, with power of sale, that property in __Los Angeles__ County, California, common address __656 W Huntington Dr. AptF-1, Arcadia CA 91007__, legally described as:

Tr=64609 Lot 1 Ph 4 Condo Unit 15 (Airspace And 1/6 Int In Common Area)

✓ SEE ATTACHED EXHIBIT A LEGAL DESCRIPTION

TOGETHER WITH the rents, issues and profits thereof, SUBJECT, HOWEVER, to the right, power and authority given to and conferred upon Beneficiary by paragraph B(5) of the provisions incorporated herein by reference to collect and apply such rents, issues and profits, for the purpose of securing: 1. Performance of each agreement of Trustor incorporated by reference or contained herein under bond(s) posted on behalf of defendant(s) __Sai Zhang__ in Case No. __2:23-cr-00258-DMG__, which includes an obligation by said Trustor(s) surety(ies) in the amount of $ __550,432.14__.

To protect the security of this Deed of Trust, and with respect to the property above described, Trustor expressly makes each and all of the agreements, and adopts and agrees to perform and be bound by each and all of the terms and provisions set forth in subdivision A of that certain Fictitious Deed of Trust referenced herein, and it is mutually agreed that all of the provisions set forth in subdivision B of that certain Fictitious Deed of Trust recorded in the book and page of Official Records in the office of the county recorder of the county where said property is located, noted below opposite the name of such county, namely:

| COUNTY | BOOK | PAGE | COUNTY | BOOK | PAGE | COUNTY | BOOK | PAGE | COUNTY | BOOK | PAGE |
|---|---|---|---|---|---|---|---|---|---|---|---|
| Alameda | 1288 | 556 | Kings | 858 | 713 | Placer | 1028 | 379 | Sierra | 38 | 187 |
| Alpine | 3 | 130-31 | Lake | 437 | 110 | Plumas | 166 | 1307 | Siskiyou | 506 | 762 |
| Amador | 133 | 438 | Lassen | 192 | 367 | Riverside | 3778 | 347 | Solano | 1287 | 621 |
| Butte | 1330 | 513 | Los Angeles | T-3878 | 874 | Sacramento | 71-10-26 | 615 | Sonoma | 2067 | 427 |
| Calaveras | 185 | 338 | Madera | 911 | 136 | San Benito | 300 | 405 | Stanislaus | 1970 | 56 |
| Colusa | 323 | 391 | Marin | 1849 | 122 | San Bernardino | 6213 | 768 | Sutter | 655 | 585 |
| Contra | 4684 | 1 | Mariposa | 90 | 453 | San Francisco | A-804 | 596 | Tehama | 457 | 183 |
| Del Norte | 101 | 549 | Mendocino | 667 | 99 | San Joaquin | 2855 | 283 | Trinity | 108 | 595 |
| El Dorado | 704 | 635 | Merced | 1660 | 753 | San Luis Obispo | 1311 | 137 | Tulare | 2530 | 108 |
| Fresno | 5052 | 623 | Modoc | 191 | 93 | San Mateo | 4778 | 175 | Tuolumne | 177 | 160 |
| Glenn | 469 | 76 | Mono | 69 | 302 | Santa Barbara | 2065 | 881 | Ventura | 2607 | 237 |
| Humboldt | 801 | 83 | Monterey | 357 | 239 | Santa Clara | 6626 | 664 | Yolo | 769 | 16 |
| Imperial | 1189 | 701 | Napa | 704 | 742 | Santa Cruz | 1638 | 607 | Yuba | 398 | 693 |
| Inyo | 165 | 672 | Nevada | 363 | 94 | Shasta | 800 | 633 | | | |
| Kern | 3756 | 690 | Orange | 7182 | 18 | San Diego Series 5 | 1964 | 149774 | | | |

shall inure to and bind the parties hereto, with respect to the property above described. Said agreements, terms and provisions contained in said subdivisions A and B, (identical in all counties) are preprinted on pages 3-4 hereof and are by the within reference thereto, incorporated herein and made a part of this Deed of Trust for all purposes as fully as if set forth at length herein, and Beneficiary may charge for a statement regarding the obligation secured hereby, provided the charge thereof does not exceed the maximum allowed by law.

RECORDING REQUESTED BY: AND
CLERK, U.S. DISTRICT COURT
WHEN RECORDED MAIL TO:

NAME
Mingyue Zhou

MAILING ADDRESS
656 W Huntington dr Apt F-1

CITY, STATE and ZIP CODE
Arcadia CA 91007

07/14/2023

*20230465277*

SPACE ABOVE THIS LINE RESERVED FOR RECORDER'S USE

TITLE(S)

SHORT FORM DEED OF TRUST AND ASSIGNMENT OF RENTS

B015 rev 20171228

The undersigned Trustor requests that a copy of any Notice of Default and of any Notice of Sale hereunder be mailed to said Trustor at the address hereinbefore set forth.

X _Mingyue Zhou_
Signature of Trustor

_Mingyue Zhou_
Print Name of Trustor

X _____
Signature of Trustor

_____
Print Name of Trustor

State of _California_   ss.   County of _Los Angeles_

On _6/16/2023_ before me, _Lifei Huang_
(name, title of officer, i.e., "Jane Doe, Notary Public")
personally appeared

_Mingyue Zhou_
proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

WITNESS my hand and official seal.

X _____
Signature

Lifei Huang
COMM# 2444346
NOTARY PUBLIC—CALIFORNIA
Los Angeles County
MY COMM. EXPIRES 4/15/2027

**REQUEST FOR FULL RECONVEYANCE**
(To be used only when note has been satisfied)

Date _____ To _____, Trustee.

The undersigned is the legal owner and holder of all indebtedness secured by the within Deed of Trust. All sums secured by said Deed of Trust have been fully satisfied; and you are hereby requested and directed, on payment to you of any sums owing to you under the terms of said Deed of Trust, to cancel all evidences of indebtedness secured by said Deed of Trust, delivered to you herewith together with the said Deed of Trust, and to reconvey, without warranty, to the parties designated by the terms of said Deed of Trust, the estate now held by you under the same.

Mail Reconveyance To:   Clerk, U. S. District Court
Central District of California

_____
Deputy Clerk

*Do not lose or destroy this Deed of Trust or THE NOTE which it secures.*
*Both must be delivered to the Trustee for cancellation before reconveyance will be made.*

> A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

State of California

County of Los Angeles

On July 14th, 2023 before me, Jordan Alan Rea, Notary Public
(Insert name and title of the Officer)

personally appeared Mingyue Zhou ,

who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

Signature _____ (Seal)

JORDAN ALAN REA
COMM # 2429145
Los Angeles County
California Notary Public
Comm Exp Dec. 5, 2026

**DO NOT RECORD**

The following is a copy of Subdivisions A and B of the fictitious Deed of Trust recorded in each county in California as stated in the foregoing Deed of Trust and incorporated by reference in said Deed of Trust as being a part thereof as if set forth at length therein.

A. To protect the security of this Deed of Trust, Trustor agrees:

(1) To keep said property in good condition and repair; not to remove or demolish any building thereon; to complete or restore promptly and in good and workmanlike manner any building which may be constructed, damaged or destroyed thereon and to pay when due all claims for labor performed and materials furnished therefor; to comply with all laws affecting said property or requiring any alterations or improvements to be made thereon; not to commit or permit waste thereof; not to commit, suffer or permit any act upon said property in violation of law; to cultivate, irrigate, fertilize, fumigate, prune and do all other acts which from the character or use of said property may be reasonably necessary, the specific enumerations herein not excluding the general.

(2) To provide, maintain and deliver to Beneficiary fire insurance satisfactory to and with loss payable to Beneficiary. The amount collected under any fire or other insurance policy may be applied by Beneficiary upon any indebtedness secured hereby and in such order as Beneficiary may determine, or at option of Beneficiary the entire amount so collected or any part thereof may be released to Trustor. Such application or release shall not cure or waive any default or notice of default hereunder or invalidate any act done pursuant to such notice.

(3) To appear in and defend any action or proceeding purporting to affect the security hereof or the rights or powers of Beneficiary or Trustee; and to pay all costs and expenses, including cost of evidence of title and attorney's fees in a reasonable sum, in any action or proceeding in which Beneficiary or Trustee may appear, and in any suit brought by Beneficiary to foreclose this Deed.

(4) To pay, at least ten days before delinquency, all taxes and assessments affecting said property, including assessments on appurtenant water stock; when due, all encumbrances, charges and liens, with interest, on said property or any part thereof, which appear to be prior or superior hereto; all costs, fees and expenses of this Trust.

Should Trustor fail to make any payment or to do any act as herein provided, then Beneficiary or Trustee, but without obligation so to do and without notice to or demand upon Trustor and without releasing Trustor from any obligation hereof, may, make or do the same in such manner and to such extent as either may deem necessary to protect the security hereof, or the rights or powers of Beneficiary or Trustee being authorized to enter upon said property for such purposes; appear in and defend any action or proceeding purporting to affect the security hereof or the rights or powers of Beneficiary or Trustee; pay, purchase, contest or compromise any encumbrance, charge, or lien which in the judgement of either appears to be prior or superior hereto; and, in exercising any such powers, pay necessary expenses, employ counsel and pay his or her reasonable fees.

(5) To pay immediately and without demand all sums so expended by Beneficiary or Trustee, with interest from date of expenditure at the amount allowed by law in effect at the date hereof, and to pay for any statement provided for by law in effect at the date hereof regarding the obligation secured hereby, any amount demanded by the Beneficiary not to exceed the maximum allowed by law at the time when said statement is demanded.

B. It is mutually agreed:

(1) That any award of damages in connection with any condemnation for public use of or injury to said property or any part thereof is hereby assigned and shall be paid to Beneficiary who may apply or release such moneys received by him or her in the same manner and with the same effect as above provided for regarding disposition of proceeds of fire or other insurance.

(2) That by accepting payment of any sum secured hereby after its due date, Beneficiary does not waive his or her right either to require prompt payment when due of all other sums so secured or to declare default for failure so to pay.

(3) That at any time or from time to time, without liability therefor and without notice, upon written request of Beneficiary and presentation of this Deed and said note for endorsement, and without affecting the personal liability of any person for payment of the indebtedness secured hereby, Trustee may: reconvey any part of said property; consent to the making of any map or plat thereof; join in granting any easement thereon; or join in any extension agreement or any agreement subordinating the lien or charge hereof.

(4) That upon written request of Beneficiary stating that all sums secured hereby have been satisfied, and upon surrender of this Deed and said note to Trustee for cancellation and retention or other disposition as Trustee in its sole discretion may choose and upon payment of its fees, Trustee shall reconvey, without warranty, the property then held hereunder. The recitals in such reconveyance of any matters or facts shall be conclusive proof of the truthfulness thereof. The Grantee in such reconveyance may be described as "the person or persons legally entitled thereto."

(5) That as additional security, Trustor hereby gives to and confers upon Beneficiary the right, power and authority, during the continuance of these Trusts, to collect the rents, issues and profits of said property, reserving unto Trustor the right, prior to any default by Trustor in payment of any indebtedness secured hereby or in performance of any agreement hereunder, to collect and retain such rents, issues and profits as they become due and payable. Upon any such default, Beneficiary may at any time without notice, either in person, by agent, or by a receiver to be appointed by a court, and without regard to the adequacy of any security for the indebtedness hereby secured, enter upon and take possession of said property or any part thereof, in his or her own name sue for or otherwise collect such rents, issues, and profits, including those past due and unpaid, and apply the same, less costs and expenses of operation and collection, including reasonable attorney's fees, upon any indebtedness secured hereby, and in such order as Beneficiary may determine. The entering upon and taking possession of said property, the collection of such rents, issues and profits and the application thereof as aforesaid, shall not cure or waive any default or notice of default hereunder or invalidate any act done pursuant to such notice.

(6) That upon default by Trustor in payment of any indebtedness secured hereby or in performance of any agreement hereunder, Beneficiary may declare all sums secured hereby immediately due and payable by delivery to Trustee of written declaration of default and demand for sale and of written notice of default and of election to cause to be sold said property, which notice Trustee shall cause to be filed for record. Beneficiary also shall deposit with Trustee this Deed, said note and all documents evidencing expenditures secured hereby.

After the lapse of such time as may then be required by law following the recordation of said notice of default, and notice of sale having been given as then required by law, Trustee, without demand on Trustor, shall sell said property at the time and place fixed by it in said notice of sale, either as a whole or in separate parcels, and in such order as it may determine, at public auction to the highest bidder for cash in lawful money of the United States, payable at time of sale. Trustee may postpone sale of all or any portion of said property by public announcement at such time and place of sale, and from time to time thereafter may postpone such sale by public announcement at the time fixed by the preceding postponement. Trustee shall deliver to such purchaser its deed conveying the property so sold, but without any covenant or warranty, express or implied. The recitals in such deed of any matters or facts shall be conclusive proof of the truthfulness thereof. Any person, including Trustor, Trustee, or Beneficiary as hereinafter defined, may purchase at such sale.

After deducting all costs, fees and expenses of Trustee and of this Trust, including cost of evidence of title in connection with sale, Trustee shall apply the proceeds of sale to payment of: all sums expended under the terms hereof, not then repaid, with accrued interest at the amount allowed by law in effect at the date hereof; all other sums then secured hereby; and the remainder, if any, to the person or persons legally entitled thereto.

(7) Beneficiary, or any successor in ownership of any indebtedness secured hereby, may from time to time, by instrument in writing, substitute a successor or successors to any Trustee named herein or acting hereunder, which instrument, executed by the Beneficiary and duly acknowledged and recorded in the office of the recorder of the county or counties where said property is situated, shall be conclusive proof of proper substitution of such successor Trustee or Trustees, who shall, without conveyance from the Trustee predecessor, succeed to all its title, estate, rights, powers and duties. Said instrument must contain the name of the original Trustor, Trustee and Beneficiary hereunder, the book and page where this Deed is recorded, and the name and address of the new Trustee.

(8) That this Deed applies to, inures to the benefit of, and binds all parties hereto, their heirs, legatees, devisees, administrators, executors, successors, and assigns. The term Beneficiary shall mean the owner and holder, including pledgees, of the note secured hereby, whether or not named as Beneficiary herein. In this Deed, whenever the context so requires, the masculine gender includes the feminine and/or the neuter, and the singular number includes the plural.

# EXHIBIT A
## LEGAL DESCRIPTION

The land referred to herein below is situated in the County of LOS ANGELES, State of CALIFORNIA, and is described as follows:

A CONDOMINIUM COMPRISED OF:

PARCEL 1:

AN UNDIVIDED FEE SIMPLE INTEREST AS A TENANT IN COMMON IN AND TO THE COMMON AREA IN THE MODULE IN WHICH THE RESIDENTIAL UNIT DESCRIBED IN PARCEL 2 BELOW IS LOCATED EQUAL TO THE RECIPROCAL OF THE NUMBER OF RESIDENTIAL UNITS LOCATED WITHIN SUCH PHASE 4 MODULE, AS SHOWN ON THE CONDOMINIUM PLAN FOR ARBOR ROSE PHASE 4, RECORDED IN THE OFFICE OF THE COUNTY RECORDER OF LOS ANGELES COUNTY, CALIFORNIA, ON NOVEMBER 8, 2013, AS DOCUMENT NO. 20131594850, AND ANY AMENDMENTS OR SUPPLEMENTS THERETO (COLLECTIVELY "CONDOMINIUM PLAN"), WHICH IS A PORTION OF LOT 1 OF TRACT NO. 64609, IN THE CITY OF ARCADIA, COUNTY OF LOS ANGELES, STATE OF CALIFORNIA, AS SHOWN ON THE MAP RECORDED SEPTEMBER 20, 2007 IN BOOK 1338 PAGE 97 AND 98 OF MAPS OF LOS ANGELES COUNTY ("MAP").

PARCEL 2:

RESIDENTIAL UNIT NO. 15, AS SHOWN AND DESCRIBED ON THE CONDOMINIUM PLAN.

RESERVING THEREFROM, FOR THE BENEFIT OF GRANTOR, ITS SUCCESSOR IN INTEREST AND ASSIGNEES, TO THE EXTENT NOT ALREADY RESERVED BY INSTRUMENTS OF RECORD:

A.   ALL OIL RIGHTS, MINERAL RIGHTS, NATURAL GAS RIGHTS AND RIGHTS TO ALL OTHER HYDROCARBONS BY WHATSOEVER NAME KNOWN, TO ALL GEOTHERMAL HEAT AND TO ALL PRODUCTS DERIVED FROM ANY OF THE FOREGOING (COLLECTIVELY "SUBSURFACE RESOURCES").

B.   THE PERPETUAL RIGHT TO DRILL, MINE, EXPLORE AND OPERATE FOR AND TO PRODUCE, STORE AND REMOVE ANY OF THE SUBSURFACE RESOURCES ON OR FROM THE LOT, INCLUDING THE RIGHT TO WHIPSTOCK OR DIRECTIONALLY DRILL AND MINE FROM LANDS OTHER THAN THE LOT. WELLS, TUNNELS AND SHAFTS INTO, THROUGH OR ACROSS THE SUBSURFACE OF THE LOT, AND TO BOTTOM SUCH WHIPSTOCKED OR DIRECTIONALLY DRILLED WELLS, TUNNELS AND SHAFTS WITHIN OR BEYOND THE EXTERIOR LIMITS OF THE LOT, AND TO REDRILL, RETUNNEL, EQUIP, MAINTAIN, REPAIR DEEPEN AND OPERATE ANY SUCH WELLS OR MINES, BUT WITHOUT THE RIGHT TO DRILL, MINE, EXPLORE, OPERATE, PRODUCE, STORE OR REMOVE ANY OF THE SUBSURFACE RESOURCES THROUGH OR IN THE SURFACE OR THE UPPER FIVE HUNDRED FEET (500') OF THE SUBSURFACE OF THE LOT; AND

C.   ALL WATER AND WATER RIGHT, IF ANY, WITHIN AND UNDERLYING THE LOT.

PARCEL 3:

AN EXCLUSIVE EASEMENT TO USE EACH PORTION OF THE ASSOCIATION PROPERTY, DESIGNATED IN THE CONDOMINIUM PLAN AS BEING AN EXCLUSIVE USE YARD AREA AND/OR EXCLUSIVE USE BALCONY AREA, APPURTENANT TO THE RESIDENTIAL UNIT DESCRIBED IN PARCEL 2 ABOVE FOR THE PURPOSES DESCRIBED IN THE DECLARATION, IF ANY.

PARCEL 4:

A TEMPORARY NON-EXCLUSIVE EASEMENT APPURTENANT TO THE RESIDENTIAL UNIT DESCRIBED IN PARCEL 2 ABOVE FOR ACCESS, INGRESS AND EGRESS ON, OVER THROUGH AND ACROSS THE ACCESS EASEMENT AREA AS A MEMBER OF THE ASSOCIATION PURSUANT TO THAT CERTAIN EASEMENT GRANT DEED RECORDED ON JANUARY 13 2014 IN THE OFFICE OF THE COUNTY RECORDER OF LOS ANGELES COUNTY, CALIFORNIA, AS DOCUMENT NO. 201400033363 AND ANY AMENDMENTS OR SUPPLEMENTS THERETO.

PARCEL 5:

# EXHIBIT A
## LEGAL DESCRIPTION
### (CONTINUED)

NON-EXCLUSIVE, APPURTENANT EASEMENTS IN AND TO THE ASSOCIATION PROPERTY IN ALL PHASES SUBJECT TO THE DECLARATION, FOR USE THEREOF IN ACCORDANCE WITH THE TERMS OF THE DECLARATION. SUCH EASEMENT SHALL BECOME EFFECTIVE AS TO THE ASSOCIATION PROPERTY IN A PHASE UPON CONVEYANCE OF THE FIRST CONDOMINIUM IN THE RESPECTIVE PHASE TO AN OWNER UNDER AUTHORITY OF A PUBLIC REPORT OR AS PROVIDED IN THE DECLARATION.

RESERVING FROM PARCELS 1 THROUGH 5 ALL EASEMENTS RESERVED IN THE DECLARATION (DEFINED BELOW), THE CONDOMINIUM PLAN, THE MAP AND ALL OTHER EASEMENTS OF RECORD AS OF THE DATE HEREOF.

Assessor's Parcel Number: 5778-001-151

This page is part of your document - DO NOT DISCARD

**20230465277**



Recorded/Filed in Official Records
Recorder's Office, Los Angeles County, California

**07/14/23 AT 01:26PM**

|  |  |
|---|---:|
| FEES: | 61.00 |
| TAXES: | 0.00 |
| OTHER: | 0.00 |
| PAID: | 61.00 |



**LEADSHEET**



202307143300025

00023607934



014171782

SEQ:
01

DAR - Counter (Upfront Scan)



**THIS FORM IS NOT TO BE DUPLICATED**

This is a true and certified copy of the record if it bears the seal, imprinted in purple ink, of the Registrar-Recorder/County Clerk

JUL 14 2023

Dean C. Logan, REGISTRAR-RECORDER/COUNTY CLERK
LOS ANGELES COUNTY, CALIFORNIA